UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARIANA P.,[1]

      **Plaintiff,**

      v.

**KILOLO KIJAKAZI,**
**Acting Commissioner of Social Security,**

      **Defendant.**

Case No. 2:22-cv-1906
Magistrate Judge Norah McCann King

**OPINION AND ORDER**

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the application of Plaintiff Mariana P. for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. Plaintiff appeals from the final decision of the Acting Commissioner of Social Security denying that application.[2] After careful consideration of the entire record, including the entire administrative record, the Court decides this matter pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons that follow, the Court the Court reverses the Commissioner's decision and remands the matter for further proceedings.

**I.**    **PROCEDURAL HISTORY**

On February 28, 2017, Plaintiff filed her application for benefits, alleging that she has been disabled since September 3, 2016. R. 114, 285–86. The application was denied at the initial

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs in such cases by only their first names and last initials. *See also* D.N.J. Standing Order 2021-10.
[2] Kilolo Kijakazi, the Acting Commissioner of Social Security, is substituted as Defendant in her official capacity. *See* Fed. R. Civ. P. 25(d).

1

level of administrative review. R. R. 163–67.[3] Plaintiff sought a *de novo* hearing before an administrative law judge ("ALJ"). R. 168–69. ALJ Sharda Singh held a hearing on December 7, 2018, at which Plaintiff, who appeared without the assistance of counsel, appeared and testified, as did a vocational expert. R. 34–72. In a decision dated July 2, 2019, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act from September 3, 2016, Plaintiff's alleged disability onset date, through the date of that decision. R. 135–51. On July 3, 2019, Plaintiff obtained counsel and requested review of the ALJ's decision. R. 210–15. The Appeals Council granted Plaintiff's request and, on July 15, 2020, vacated the ALJ's decision and remanded the matter for further evaluation and a new decision. R. 159–61. In doing so, the Appeals Council specifically directed the ALJ to:

- Obtain updated additional evidence concerning the claimant's impairment in order to complete the administrative record in accordance with the regulatory standards regarding consultative examinations and existing medical evidence (20 CFR 404.1512 and Social Security Ruling 17-4p).

- Proffer post hearing evidence pursuant to HALLEX I-2-7-30 to offer an opportunity for the claimant or the representative if appointed, to object to, comment on, or refute the proffered evidence. Additionally, the claimant will be given the opportunity to submit a written statement as to the facts and law that the claimant believes apply to the case in light of the evidence submitted and request a supplemental hearing including the opportunity to cross-examine the authors of any post hearing evidence, and request a subpoena for the attendance of witnesses or the submission of records.

- Further evaluate the claimant's mental impairments in accordance with the special technique described in 20 CFR 404.1520a, documenting application of the technique in the decision by providing specific findings and appropriate rationale for each of the functional areas described in 20 CFR 404.1520a(c).

---

[3] The Acting Commissioner represents that "[u]nder the Agency's procedures to test modifications to the disability determination process, randomly chosen cases such as this are selected for elimination of the request for reconsideration review at the state agency level.'" *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 12, p. 2 n.1 (citing 20 C.F.R. § 404.906(a)).

- Give further consideration to the claimant's maximum residual functional capacity and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations (20 CFR 404.1545 and Social Security Ruling 85-16 and 96-8p).

R. 160.

On remand, the ALJ held another hearing on October 23, 2020, at which Plaintiff, who was then represented by counsel, testified, as did a vocational expert. R. 73–113. In a decision dated November 6, 2020, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act from September 3, 2016, Plaintiff's alleged disability onset date, through June 30, 2019, the date on which Plaintiff was last insured for disability insurance benefits. R. 13–26. That decision became the final decision of the Acting Commissioner of Social Security when the Appeals Council declined review on February 17, 2022. R. 1–7. Plaintiff timely filed this appeal pursuant to 42 U.S.C. § 405(g). ECF No. 1. On April 14, 2023, Plaintiff consented to disposition of the matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. ECF No. 13.[4] On that same day, the case was reassigned to the undersigned. ECF No. 14. The matter is ripe for disposition.

## II. LEGAL STANDARD

### A. Standard of Review

In reviewing applications for Social Security disability benefits, this Court has the authority to conduct a plenary review of legal issues decided by the ALJ. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). In contrast, the Court reviews the ALJ's factual findings to

---

[4] The Commissioner has provided general consent to Magistrate Judge jurisdiction in cases seeking review of the Commissioner's decision. *See* Standing Order In re: Social Security Pilot Project (D.N.J. Apr. 2, 2018).

3

determine if they are supported by substantial evidence. *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000); *see also* 42 U.S.C. §§ 405(g). The United States Supreme Court has explained this standard as follows:

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficien[t] evidence to support the agency's factual determinations. And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal citations and quotation marks omitted); *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation and internal quotations omitted); *Bailey v. Comm'r of Soc. Sec.*, 354 F. App'x 613, 616 (3d Cir. 2009) (citations and quotations omitted); *K.K. ex rel. K.S. v. Comm'r of Soc. Sec.*, No. 17-2309, 2018 WL 1509091, at *4 (D.N.J. Mar. 27, 2018).

The substantial evidence standard is a deferential standard, and the ALJ's decision cannot be set aside merely because the Court "acting de novo might have reached a different conclusion." *Hunter Douglas, Inc. v. NLRB*, 804 F.2d 808, 812 (3d Cir. 1986); *see, e.g.*, *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) ("Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently.") (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)); *K.K.*, 2018 WL 1509091, at *4 ("'[T]he district court ... is [not] empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.'") (quoting *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)).

Nevertheless, the Third Circuit cautions that this standard of review is not "a talismanic or self-executing formula for adjudication." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)

("The search for substantial evidence is thus a qualitative exercise without which our review of social security disability cases ceases to be merely deferential and becomes instead a sham."); *see Coleman v. Comm'r of Soc. Sec.*, No. 15-6484, 2016 WL 4212102, at *3 (D.N.J. Aug. 9, 2016). The Court has a duty to "review the evidence in its totality" and "take into account whatever in the record fairly detracts from its weight." *K.K.*, 2018 WL 1509091, at *4 (quoting *Schonewolf v. Callahan*, 972 F. Supp. 277, 284 (D.N.J. 1997) (citations and quotations omitted)); *see Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981) (stating that substantial evidence exists only "in relationship to all the other evidence in the record"). Evidence is not substantial if "it is overwhelmed by other evidence," "really constitutes not evidence but mere conclusion," or "ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent*, 710 F.2d at 114); *see K.K.*, 2018 WL 1509091, at *4. The ALJ's decision thus must be set aside if it "did not take into account the entire record or failed to resolve an evidentiary conflict." *Schonewolf*, 972 F. Supp. at 284-85 (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)).

Although an ALJ is not required "to use particular language or adhere to a particular format in conducting [the] analysis," the decision must contain "sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (citing *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000)); *see K.K.*, 2018 WL 1509091, at *4. The Court "need[s] from the ALJ not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected." *Cotter*, 642 F.2d at 705-06; *see Burnett*, 220 F.3d at 121 ("Although the ALJ may weigh the credibility of the evidence, [s/]he must give some indication of the evidence which [s/]he rejects and [the] reason(s) for discounting such evidence.") (citing

*Plummer v. Apfel*, 186 F.3d 422, 429 (3d. Cir. 1999)). "[T]he ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph would probably suffice." *Cotter v. Harris*, 650 F.2d 481, 482 (3d Cir. 1981). Absent such articulation, the Court "cannot tell if significant probative evidence was not credited or simply ignored." *Id.* at 705. As the Third Circuit explains:

> Unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight [s/]he has given to obviously probative exhibits, to say that [the] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

*Gober*, 574 F.2d at 776; *see Schonewolf*, 972 F. Supp. at 284-85.

Following review of the entire record on appeal from a denial of benefits, the Court can enter "a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Remand is appropriate if the record is incomplete or if the ALJ's decision lacks adequate reasoning or contains illogical or contradictory findings. *See Burnett*, 220 F.3d at 119-20; *Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984). Remand is also appropriate if the ALJ's findings are not the product of a complete review which "explicitly weigh[s] all relevant, probative and available evidence" in the record. *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994) (internal quotation marks omitted); *see A.B. on Behalf of Y.F. v. Colvin*, 166 F. Supp.3d 512, 518 (D.N.J. 2016). A decision to "award benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." *Podedworny*, 745 F.2d at 221-22 (citation and quotation omitted); *see A.B.*, 166 F. Supp.3d at 518.

6

B.     **Sequential Evaluation Process**

The Social Security Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. § 404.1520(a)(4). "The claimant bears the burden of proof at steps one through four, and the Commissioner bears the burden of proof at step five." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010) (citing *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007)).

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). If so, then the inquiry ends because the plaintiff is not disabled.

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities[.]" 20 C.F.R. § 404.1520(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the plaintiff's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d). If so, then the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least 12 months. *Id.* at § 404.1509. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the plaintiff's residual functional capacity ("RFC") and determine whether the plaintiff can perform past relevant work. 20 C.F.R. § 404.1520(e), (f).

If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to the final step.

At step five, the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in the national economy. 20 C.F.R. § 404.1520(g). If the ALJ determines that the plaintiff can do so, then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

### III. ALJ DECISION AND APPELLATE ISSUES

Plaintiff was 43 years old on June 30, 2020, the date on which she was last insured for benefits. R. 24. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity between her alleged disability onset date and that date. R. 15.

At step two, the ALJ found that Plaintiff suffered from the following severe impairments: multi-level cervical disc herniation, lumbar radiculopathy, post-concussive syndrome, major depressive disorder, anxiety disorder and post-traumatic stress disorder. R. 15–16. The ALJ also found that Plaintiff's bunion on her left foot, status post-cholecystectomy and ventral hernia repair, and injury to her right ring finger were not severe impairments. R. 16.

At step three, the ALJ found that Plaintiff did not suffer an impairment or combination of impairments that met or medically equaled the severity of any Listing. R. 16–18.

At step four, the ALJ found that Plaintiff had the RFC to perform sedentary work subject to various additional limitations. R. 18–24. The ALJ also found that this RFC did not permit the performance of Plaintiff's past relevant work as an administrative assistant and receptionist. R. 24.

At step five and relying on the testimony of the vocational expert, the ALJ found that a significant number of jobs—*e.g.,* jobs as an assembler, an envelope addresser, and a document preparer—existed in the national economy and could be performed by Plaintiff despite her lessened capacity. R. 24–25. The ALJ therefore concluded that Plaintiff was not disabled within the meaning of the Social Security Act from September 3, 2016, her alleged disability onset date, through June 30, 2020, the date on which she was last insured. R. 25–26.

Plaintiff argues that the ALJ failed to comply with the Appeals Council's remand order and disagrees with the ALJ's findings at step four. Plaintiff asks that the decision of the Acting Commissioner be reversed and remanded for further proceedings. *Plaintiff's Memorandum of Law,* ECF No. 11. The Acting Commissioner takes the position that her decision should be affirmed in its entirety because the ALJ's decision correctly applied the governing legal standards, reflected consideration of the entire record, and was supported by sufficient explanation and substantial evidence. *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 12.

IV.   SUMMARY OF RELEVANT MEDICAL EVDIENCE

On September 3, 2016, Plaintiff sustained a concussion in a motor vehicle accident. R. 17, 470, 565.

On December 5, 2019, Plaintiff's treating provider, Victoria Rheaume, FNP-BC, opined, *inter alia*, that Plaintiff could lift less than 10 pounds occasionally, stand and/or walk 2 hours a day, and sit 6 hours a day. R. 1830.[5] Nurse Rheaume denied that Plaintiff was able to work in competitive employment at least 80 hours per month. *Id.* She further opined that Plaintiff

---

[5] Nurse Rheaume also rendered an opinion on December 7, 2018, R. 1516, but that opinion is not material to the resolution of this case.

appeared to be permanently disabled and that her condition was not expected to improve. *Id*. Asked about Plaintiff's treatment, diagnostics and referrals, Nurse Rheaume stated, "Referred to neurology, psychiatry, cognitive therapy & pain management. Hx of MVA in 2016, w/ multiple neurologic and psychiatric complications that have failed to improve." *Id*.

## V.     DISCUSSION

Plaintiff raises several different challenges to the ALJ's decision and argues, *inter alia*, that the ALJ erred in crafting an RFC for sedentary work when relying on evidence that was inconsistent with that exertional level. *Plaintiff's Memorandum of Law*, ECF No. 11, pp. 29–30. This Court agrees.

A claimant's RFC is the most that the claimant can do despite her limitations. 20 C.F.R. § 404.1545(a)(1). At the administrative hearing stage, it is the administrative law judge who is charged with determining the claimant's RFC. 20 C.F.R. §§ 404.1527(e), 404.1546(c); *see also Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) ("The ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations.") (citations omitted). When determining a claimant's RFC, the ALJ has a duty to consider all the evidence. *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). However, the ALJ need include only "credibly established" limitations. *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005); *see also Zirnsak v. Colvin*, 777 F.3d 607, 615 (3d Cir. 2014) (stating that the ALJ has discretion to choose whether to include "a limitation [that] is supported by medical evidence, but is opposed by other evidence in the record" but "[t]his discretion is not unfettered—the ALJ cannot reject evidence of a limitation for an unsupported reason" and stating that "the ALJ also has the discretion to include a limitation that is not supported by any medical evidence if the ALJ finds the impairment otherwise credible").

In the case presently before the Court, the ALJ determined that Plaintiff had the RFC to perform a limited range of sedentary work, as follows:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) with a sit/stand option every twenty to thirty minutes stand 1-2 minutes. She can never climb ladders, ropes and scaffolds. She can occasionally climb ramps/stairs, balance, stoop, kneel, crouch and crawl. She is able to frequent [sic] (but not constant [sic]) rotation [sic] of the neck. She is able to use her right hand for frequent fine and gross manipulation. She must avoid hazards, such as moving machinery. She is able to perform simple, routine and repetitive tasks with occasional contact with supervisors, co-workers and the public in a low stress environment defined as occasional decision making and changes in the work setting.

R. 18. In making this determination, the ALJ considered, *inter alia*, Nurse Rheaume's opinion as follows:

> On December 5, 2019, Ms. Rheaume submitted a report indicating that the claimant appeared to be permanently disabled and not expected to improve. She assessed that the claimant was limited to lifting/carrying less than 10 pounds, sitting 6 hours and standing/walking up to two hours (Exhibit 39F p. 83). While offering no details or clinical evidence, these limitations are consistent with sedentary exertion and given some weight.

R. 23.

Plaintiff challenges the ALJ's consideration of Nurse Rheaume's opinion in this regard, arguing that the ALJ erroneously found that this opinion supported the RFC for sedentary work. *Plaintiff's Memorandum of Law*, ECF No. 11, p. 30. Plaintiff contends that Nurse Rheaume's opinion that Plaintiff could lift only less than ten pounds occasionally is inconsistent with sedentary work. *Id*. Plaintiff goes on to point out that Nurse Rheaume further opined that Plaintiff was unable to engage in competitive employment for at least 80 hours per month and appeared to be permanently disabled, *i.e.*, opinions that do not support the ALJ's RFC for sedentary work. *Id*. For her part, the Acting Commissioner takes the position that "the ALJ addressed whether Ms. Rheaume's opinion was supported by medical findings and concluded it

11

was not[,]" and argues that this opinion was therefore "not entitled to controlling weight as Plaintiff suggests." *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 12, p. 21. The Acting Commissioner concedes, however, that "the ALJ found that Ms. Rheume's assessed limitations were consistent with sedentary exertion and, therefore, were given some weight." *Id*.

The Court agrees with Plaintiff that this issue requires remand. "Sedentary work" is defined as, *inter alia*, work involving "lifting no more than 10 pounds at a time or occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. § 404.1567(a). An individual's lifting limitations may further erode the unskilled sedentary occupational base as follows:

> **Lifting/carrying and pushing/pulling**: *If an individual is unable to lift 10 pounds or occasionally lift and carry items like docket files, ledgers, and small tools throughout the workday, the unskilled sedentary occupational base will be eroded. The extent of erosion will depend on the extent of the limitations*. For example, if it can be determined that the individual has an ability to lift or carry slightly less than 10 pounds, with no other limitations or restrictions in the ability to perform the requirements of sedentary work, the unskilled sedentary occupational base would not be significantly eroded; however, an inability to lift or carry more than 1 or 2 pounds would erode the unskilled sedentary occupational base significantly. For individuals with limitations in lifting or carrying weights between these amounts, consultation with a vocational resource may be appropriate.
>
> Limitations or restrictions on the ability to push or pull will generally have little effect on the unskilled sedentary occupational base.

SSR 96-9p, 1996 WL 374185, at *6 (S.S.A. July 2, 1996) (emphasis added).

In the present case, Nurse Rheaume opined, *inter alia*, that Plaintiff was limited to lifting *less than 10 pounds occasionally*. R. 1830 (emphasis added). The ALJ found that this limitation was "consistent with sedentary exertion and given some weight." R. 23. However, the ALJ's finding in this regard is inconsistent with sedentary work, which requires, among other things, the ability to lift up to 10 pounds at a time "or occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. § 404.1567(a). The Court cannot conclude that

substantial evidence supports the ALJ's RFC where the ALJ credited, at least in part, Nurse Rheaume's lifting limitation of less than 10 pounds but did not clarify how much Plaintiff can lift, *i.e.*, whether she is capable of occasionally lifting or carrying articles like docket files, ledgers, and small tools. 20 C.F.R. § 404.1567(a); SSR 96-9p, 1996 WL 374185, at *6; *cf. Sanford v. Comm'r of Soc. Sec.*, No. CIV. 13-0366 NLH, 2014 WL 1294710, at *2 (D.N.J. Mar. 28, 2014) ("The Third Circuit has held that access to the Commissioner's reasoning is [ ] essential to a meaningful court review.") (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)). This apparent inconsistency takes on greater significance when one considers that the vocational expert, upon whose testimony the ALJ relied, R. 24–25 (identifying jobs of assembler, envelope addresser, and document preparer), 108–09 (reflecting vocational expert testimony that these three jobs had a SVP of 2), was asked to assume a claimant who possessed, *inter alia*, the lifting capabilities for the full range of sedentary work. R. 107–08; *cf. Hayes v. Comm'r of Soc. Sec. Admin.*, No. CIV.A. 11-281, 2012 WL 954635, at *5 (W.D. Pa. Mar. 20, 2012) (remanding where the ALJ's assignment of "great weight" to a physician's opinion that the claimant was incapable of, *inter alia*, lifting more than 2 to 3 pounds occasionally conflicted with, *inter alia*, the RFC for sedentary work, and further noting, among other things, that the inability to lift 10 pounds or lift and carry items like docket files, ledgers, and small tools eroded the unskilled sedentary occupational base) (citing, *inter alia*, SSR 96–9P, 1996 WL 374185).

      This Court therefore concludes that remand of the matter for further consideration of these issues is appropriate.[6] Moreover, remand is appropriate even if, upon further examination of Nurse Rheaume's opinion and the RFC determination, the ALJ again concludes that Plaintiff

---

[6] Plaintiff asserts other errors in the Acting Commissioner's final decision. Because the Court concludes that the matter must be remanded for further consideration of Nurse Rheaume's opinion and the RFC determination, the Court does not consider those claims.

is not entitled to benefits. *Cf. Zuschlag v. Comm'r of Soc. Sec. Admin.*, No. 18-CV-1949, 2020 WL 5525578, at *8 (D.N.J. Sept. 15, 2020) ("On remand, the ALJ may reach the same conclusion, but it must be based on a proper foundation."); *Jiminez v. Comm'r of Soc. Sec.*, No. CV 19-12662, 2020 WL 5105232, at *4 (D.N.J. Aug. 28, 2020) ("Once more, the ALJ did not provide an adequate explanation that would enable meaningful review, and the Court once more cannot determine what role lay speculation played in the ALJ's rejection of this detailed functional assessment from Dr. Marks."); *Cassidy v. Colvin*, No. 2:13-1203, 2014 WL 2041734, at *10 n.3 (W.D. Pa. May 16, 2014) ("Nevertheless, that the ALJ may have misinterpreted or misunderstood Dr. Kaplan's findings with regard to Plaintiff's postural activities does not absolve her of her error. Rather, it highlights the need for an ALJ to fully explain her findings. Otherwise, the district court is left to engage in this sort of speculation about how an ALJ arrived at her decision.").

## VI.   CONCLUSION

For these reasons, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings consistent with this *Opinion and Order*.

The Court will issue a separate Order issuing final judgment pursuant to Sentence 4 of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

Date:  November 3, 2023                    *s/Norah McCann King*
                                            NORAH McCANN KING
                                            UNITED STATES MAGISTRATE JUDGE